McGREGOR W. SCOTT
United States Attorney
R. STEVEN LAPHAM
KENNETH J. MELIKIAN
PHILIP A. FERRARI
Assistant U.S. Attorneys
501 I Street, Suite 10-100
Sacramento, California 95814
Telephone: (916) 554-2700

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR. No. S-03-042 FCD |
| ) | |
| Plaintiff, ) | GOVERNMENT'S MOTION IN LIMINE |
| ) | FOR AUTHORIZATION TO PHOTOGRAPH |
| v. ) | DEFENDANTS' TATTOOS |
| ) | |
| SHANGO JAJA GREER, et al., ) | |
| ) | Date: November 14, 2005 |
| Defendants. ) | Time: 9:30 a.m. |
| _____) | Hon. Frank C. Damrell |

The United States respectfully moves for an order compelling defendants Shango Greer, Jason Walker and Charles White to allow agents with the Federal Bureau of Investigation to photograph their tattoos. Among other things, these photographs will be used to help establish the membership of the defendants in the charged enterprise.

**I.   Facts**

Each of the defendants has multiple tattoos. According to his rap sheet and a 1999 arrest report (001528), Charles White has tattoos on his right and left shoulders. When he was arrested on July 26, 2000, Jason Walker displayed several tattoos to the FBI

-1-

agents who arrested him (003859).  Among those was the nickname "Fade" on his left shoulder, "City Park" across his abdomen, and "Pitch Dark Family" on his left forearm.  A 2001 arrest report for Greer (003488) indicates tattoos on the front and back of his torso.  A photograph of Greer provided in discovery (011531) shows multiple tattoos on his chest and his upper arm.  The words are not clearly legible but the photo appears to show a tattoo of a hand in a position approximating a gang sign for Westside.

**II.  Argument**

All three defendants have tattoos.  It is clear that Walker and Greer both have tattoos that are clearly relevant to this case.  In particular, the "Pitch Dark Family" and hand-signal tattoos are relevant to membership in the enterprise and the nature of the enterprise, among other things.  The government is seeking relevant evidence, and as shown below, there are no constitutional grounds upon which to object to the request.

**A.  Applicable Law**

Compelling the defendants to allow agents to photograph their tattoos will not violate their Fifth Amendment right against compelled self-incrimination.  This is so because compelling a defendant to provide physical evidence is distinct from compelling a communication.  United States v. Bay, 762 F.2d 1314, 1315 (9th Cir. 1984); United States v. Roth, 466 F.2d 1111, 1113-14 (9th Cir. 1972).  Nor does such compulsion violate the Fifth Amendment due process clause.  Roth, 466 F.2d at 1114.  Further, compelling the production of such evidence does not violate the Fourth Amendment.  Id. (post-indictment motion for an order compelling handwriting and hand printing exemplar by defendants did not violate the Fourth

Amendment); <u>United States v. Mara</u>, 410 U.S. 19, 21-22 (1973) (government not obligated to make a preliminary showing of reasonableness to support motion to compel compliance with grand jury subpoenas for handwriting and printing exemplars); <u>United States v. Hopkins</u>, 486 F.2d 360, 362 (9th Cir. 1973) (per curiam)("taking of handwriting exemplars from a defendant does not violate his right against self-incrimination and is not an unreasonable search and seizure").

Tattoos are, clearly, a physical characteristic and their compelled display does not violate a defendant's constitutional rights. In <u>United States v. Bay</u>, 762 F.2d 1314 (9th Cir. 1984), the District Court refused a defendant's request to display his tattoos to the jury on the grounds that he could not do so without waiving his other Fifth Amendment Rights. The Ninth Circuit reversed, holding that tattoos, like other physical characteristics are not testimonial communications. <u>Bay</u>, 762 F.2d at 1315-16.

**B. Discussion**

To the extent that any of the defendants have tattoos that are PDF and/or otherwise gang-related, that is clearly relevant evidence.[1] All three defendants have tattoos. The government requests an order authorizing agents with the FBI to take

---

[1] <u>See</u> <u>United States v. Fernandez</u>, 388 F.3d 1199, 1245-46 (9th Cir. 2004) (finding argument that admission of tattoos undermined presumption of innocence meritless in case where District Court found "photographs of tattoos that were relevant to the charges in the indictment probative and admissible, in that they tended to prove gang membership, which the government alleged was a precursor to membership in the Mexican Mafia.").

-3-

photographs of all of the defendants' tattoos.[2]

**CONCLUSION**

For the foregoing reasons, the government respectfully requests that the motion for authorization to photograph tattoos be granted.

Dated: October 27, 2005          Respectfully submitted,

                                 MCGREGOR W. SCOTT
                                 United States Attorney


                           By:  __/s/ Philip Ferrari_____
                                R. STEVEN LAPHAM
                                KENNETH J. MELIKIAN
                                PHILIP A. FERRARI
                                Assistant U.S. Attorneys


For the reasons set forth above, the government's motion for authorization to photograph the defendants' tattoos is hereby GRANTED.  Agents of the Federal Bureau of Investigation are authorized to take photographs of any tattoos on the persons of defendants Shango Greer, Jason Walker, and Charles White.  Counsel for the defendants may be present while the photographs are taken if they so choose.

IT IS SO ORDERED.

Date: November 14, 2005

                                 /s/ Frank C. Damrell Jr.
                                 FRANK C. DAMRELL, JR.
                                 U.S. DISTRICT COURT JUDGE

---

[2] Although the taking of these photographs is not a "critical stage" of the criminal proceedings entitling the accused to the assistance of counsel under the Sixth Amendment, see e.g., Gilbert v. California, 388 U.S. 263, 267 (1967), the government has no objection to counsel for the defendants being present.

-4-