McGREGOR W. SCOTT
United States Attorney
R. STEVEN LAPHAM
KENNETH J. MELIKIAN
Assistant U.S. Attorneys
501 I Street, Suite 10-100
Sacramento, California  95814
Telephone:  (916) 554-2700

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SHANGO JAJA GREER, et. al., ) <br> ) <br> Defendants. ) <br> _____ ) <br> ) | CR. NO. S-03-042 FCD <br><br> GOVERNMENT'S MOTION TO DISALLOW ATTORNEY JESSE RIVERA FROM REPRESENTING WITNESS CARLOS ROMERO; ORDER |

INTRODUCTION

The court has previously ruled that the following evidence is admissible in this case pursuant to Fed.R.Evid. 404(b):

On August 17, 1994, Carlos Romero and Alberto Sorto were robbed by suspects at gunpoint, and Romero's vehicle was carjacked.  As Sorto fled, one of the suspects fired three or four rounds at him.

The .38 super ammunition that was fired at victim Sorto was matched to the ammunition used to kill Keith Roberts (Racketeering Act Three), and the ammunition that was used to kill Richard

1

Garrett (Racketeering Act Four)[1].  As such, the same firearm was used in the carjacking/robbery at issue, the murder of Keith Roberts, and the murder of Richard Garrett.  The carjacking/robbery was committed on August 17th, while the Roberts murder was committed on August 3rd, and the Garrett murder was committed on August 28th.[2]

Witness Derrick Washington has stated that defendant Jason Walker admitted to him that he and Leroy Vance committed this carjacking/robbery.  The truth of Walker's admission is demonstrated by a search at Vance's residence which resulted in the recovery of victim Romero's cellular telephone which had been stolen in the carjacking/robbery.

The government intends to call victim/witness Carlos Romero to testify regarding this carjacking/robbery.  Witness Romero is in federal custody serving his sentence at an out-of-state facility.  He has been transported to Sacramento pursuant to a court order obtained at the government's request.

Romero was prosecuted for drug trafficking offenses in this court in case number CR.S-00-039 DFL.  During this prosecution, Romero was represented by Attorney Jesse Rivera.  Romero pled

---

[1]    Two firearms were used to kill Garrett, with the other weapon being a .25 caliber handgun.

[2]    Joseph Thompson has stated that on August 19th (two days after the carjacking/robbery, and nine days before the Garrett murder), two men came to his store to purchase .38 supper ammunition.  This ammunition is rare.  Thompson later identified one of these men as PDF member Louis Walker.  Thompson could not identify the other man, but he did obtain the license number of their car.  Less than two weeks later, police surveilling this vehicle observed defendant Jason Walker walk up to this vehicle and access the trunk.

guilty pursuant to the terms of a Plea Agreement on June 29, 2000. The two counts to which Romero pled guilty were conspiracy to distribute methamphetamine, and conspiracy to distribute cocaine. On December 21, 2000, Romero was sentenced to a term of 94 months in prison. Romero did not file an appeal.

The government has been informed by Attorney Rivera that he currently represents Romero.

ARGUMENT

The government needs to contact its witness who has been transported to Sacramento pursuant to the government's request. Before it can do so, however, the government must first sort out the issue of witness Romero's representation.

The government does not believe that Romero is currently represented. Attorney Rivera was appointed to represent Romero five years ago when Romero was a defendant. That case is completely unrelated to the instant matter in which Romero is a witness. The government does not believe that the court's appointment of Attorney Rivera to represent Romero in the year 2000 amounted to a permanent appointment to represent Romero any time Romero came to court for any reason in the future.[3]

But, if the government is not correct, and Attorney Rivera does in fact represent witness Romero, such representation presents a clear and obvious conflict of interest. Attorney Rivera currently represents defendant Charles White in the instant

---

[3] Further, it does not appear that witness Romero is in need of legal representation in this matter. He is merely a witness in this case. As such, he is no different than a number of government witnesses in this case who are also currently serving prison sentences, and who are not represented by counsel.

3

case. Defendant White would be on trial today with defendants Greer and Walker if questions about his competency did not exist. While defendant White's trial has been severed, it is anticipated that he will stand trial in the near future.

When defendant White is tried, it is expected that witness Romero will be called as a government witness. As such, the government strongly objects to Attorney Rivera's simultaneous representation of a defendant and a witness in the same case. The conflict of interest is obvious. While it may be in witness Romero's interest to testify for the government, that testimony would clearly be detrimental to defendant White. As such, no one attorney can competently represent both White and Romero.[4]

The government therefore requests that this situation be remedied immediately. The government needs to contact witness Romero now, but feels uncomfortable doing so through Attorney Rivera for the reasons discussed above. Accordingly, the government respectfully requests that Attorney Rivera be disallowed from representing Carlos Romero in Romero's capacity as a witness in the instant case.

The government has attached a proposed order to this motion. Normally, the government would not attach a proposed order, but would instead expect interested parties to file briefs in opposition, and would therefore calendar a hearing on the matter. The government, however, is asking the court to forgo briefing in

---

[4] The government has not discussed the conflict of interest issue with Attorney Rivera. Consideration was given to attempting to work this matter out informally with him. But, as issues involving contacting represented persons can be very sensitive, the government has instead chosen to formally seek a court order.

4

opposition for two reasons: 1) this conflict of interest is clear and obvious, and no amount of briefing can make it disappear; and 2) the government needs to contact witness Romero as soon as possible, for the government would like to call witness Romero to testify in the first or second week of January.

## CONCLUSION

For the reasons discussed above, the government respectfully requests that Attorney Jesse Rivera not be permitted to represent Carlos Romero in Romero's capacity as a witness in this case.

Dated: December 23, 2005　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　McGREGOR W. SCOTT
　　　　　　　　　　　　　　　　　　United States Attorney


　　　　　　　　　　　　　　　　By /s/ Kenneth J. Melikian
　　　　　　　　　　　　　　　　　KENNETH J. MELIKIAN
　　　　　　　　　　　　　　　　　Assistant U.S. Attorney

5

McGREGOR W. SCOTT
United States Attorney
R. STEVEN LAPHAM
KENNETH J. MELIKIAN
Assistant U.S. Attorneys
501 I Street, Suite 10-100
Sacramento, California  95814
Telephone:  (916) 554-2700

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,                ) | CR. NO. S-03-042 FCD |
| ) | ORDER |
| Plaintiff,              ) | |
| ) | |
| v.                      ) | |
| ) | |
| SHANGO JAJA GREER, et. al.,              ) | |
| ) | |
| Defendants.             ) | |

IT IS HEREBY ORDERED, for the reasons discussed in the government's motion, that Attorney Jesse Rivera shall not represent Carlos Romero in Romero's capacity as a witness in this case.

IT IS SO ORDERED

DATED: December 29, 2005            /s/ Frank C. Damrell Jr.
                                    HONORABLE FRANK C. DAMRELL JR.
                                    U.S. District Court Judge

6