IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

       Respondent,                        No. 2:03-cr-0042 MCE JFM P

   vs.

SHANGO JAJA GREER,

       Movant.                         <u>ORDER</u>

_____/

       Movant is a federal prisoner proceeding pro se with a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. By order filed June 22, 2012, the court ordered respondent to file an answer to the motion within thirty days. On July 18, 2012, movant filed a motion to amend his § 2255 motion. On July 20, 2012, respondent filed a request to reset the briefing schedule on movant's § 2255 motion. Respondent's request is predicated in part on movant's July 18, 2012 motion to amend, to which respondent has tendered no opposition.

       Movant seeks to amend his motion to add a claim of ineffective assistance of counsel during the plea negotiation stage of his criminal proceedings, predicated on the 2012 decisions of the United States Supreme Court in <u>Lafler v. Cooper</u>, 132 S. Ct. 1376 (2012) and <u>Missouri v. Frye</u>, 132 S.Ct. 1399. Good cause appearing, movant's motion to amend will be

/////

granted. For the reasons set forth infra, movant's July 18, 2012 proposed amendment will be deemed supplemental to his pending § 2255 motion.

In the request to reset the briefing schedule, respondent suggests that the claims raised in movant's original § 2255 motion appear to be time-barred. See Declaration of R. Steven Lapham, attached to Respondent's Ex Parte Request to Reset Briefing Schedule for Defendant's § 2255 Motion, filed July 20, 2012, at § 5. Good cause appearing, respondent will be granted a period of thirty days from the date of this order in which to file a motion to dismiss any and all claims in both the original and, if appropriate, the supplemental § 2255 motion as time-barred or a statement waiving the statute of limitations defense. Should respondent file a motion to dismiss, movant's opposition to the motion will be due thirty days thereafter, and respondent's reply will be due fourteen days after service of the opposition. Should respondent file a statement waiving the defense, the court will thereafter set a further briefing schedule for resolution of the claims raised in the original and supplemental motions.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Movant's July 18, 2012 motion to amend his granted;

2. Movant's February 15, 2012 motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 is deemed supplemented by the ineffective assistance of counsel claim raised in his July 18, 2012 motion to amend;

3. The Clerk of the Court is directed to amend Docket No. 1141 to denominate the document filed there a supplemental § 2255 motion (supplemental to Docket No. 1126);

4. Respondent's July 20, 2012 request to reset the briefing schedule on movant's § 2255 motion is granted;

5. The schedule set in this court's June 26, 2012 order is vacated; and

6. Respondent is granted a period of thirty days from the date of this order in which to file a motion to dismiss any and all claims in both the original and, if appropriate, the supplemental § 2255 motion as time-barred or a statement waiving the statute of limitations

defense. Should respondent file a motion to dismiss, movant's opposition to the motion shall be filed and served not later than thirty days after service of the motion, and respondent's reply shall be filed and served not later than fourteen days after service of the opposition. Should respondent file a statement waiving the defense, the court will thereafter set a further briefing schedule for resolution of the claims raised in movant's original and supplemental § 2255 motions.

DATED: August 9, 2012.

_____
UNITED STATES MAGISTRATE JUDGE

gree0042.sup