IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

      Respondent,                No. 2:03-cr-0042 MCE JFM P

  vs.

SHANGO JAJA GREER,

      Movant.                 <u>ORDER</u>

_____/

      Movant is a federal prisoner proceeding pro se with a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. By order filed August 20, 2012, the court directed respondent to file an answer to movant's original and supplemental § 2255 motions within ninety days. On September 5, 2012, respondent filed a motion for an order finding a waiver of movant's attorney-client privilege with his former attorneys Peter Kmeto, Esq., Richard B. Mazer, Esq., and Barry L. Morris, Esq. Respondent contends that movant's original and supplemental § 2255 motions "create a waiver of the attorney-client privilege over all of [movant's] oral and written communications" with his former attorneys. Government's Motion for An Order Finding Waivers of the Attorney-Client Privilege, filed September 5, 2012, at 1. On September 12, 2012, the Clerk of the Court issued a notice setting a briefing schedule on respondent's motion. Movant has not responded in any way to respondent's motion. On October

9, 2012, respondent filed a proposed order on the motion, and on November 30, 2012, respondent filed a motion for ruling on the prior motion.  Therein, respondent asserts that it cannot respond to movant's motions without speaking with movant's former counsel.

In Bittaker v. Woodford, 331 F.3d 715 (9th Cir. 2003), the United States Court of Appeals for the Ninth Circuit held that a habeas petitioner waives his attorney-client privilege in a proceeding raising an ineffective assistance of counsel, but that "such waiver is narrow and limited to what is necessary to allow the state to fairly defend against such claim."  Lambright v. Ryan, 698 F.3d 808, 813 (9th Cir. 2012).  Moreover, the "'contours of the limited waiver'" must be clearly delineated before any discovery is authorized in habeas corpus proceedings and the court must "'strictly police those limits thereafter.'"  Id. (quoting Bittaker at 728).

Here, respondent seeks a finding of unlimited waiver of the attorney-client privilege, and has made no specific showing of what, if any, information is necessary to "fairly defend against" movant's claims.  Such a finding is not supported by the record before this court nor authorized by applicable principles of law.  Accordingly, respondent's motion will be denied without prejudice.

In light of the complexity of the issues involved, the court has determined that the interests of justice require appointment of counsel.  See 18 U.S.C. § 3006A(a)(2)(B); see also Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).  Accordingly, the Federal Defender will be appointed to represent movant.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Respondent's November 30, 2012 motion for ruling (Doc. No. 1153) is granted.

2.  Respondent's September 5, 2012 application for finding of waiver of attorney-client privilege (Doc. No. 1150)  is denied without prejudice.

3.  Respondent's answer to movant's original and supplemental motions shall be filed and served within forty-five days from the date of this order.

4.  The Federal Defender is appointed to represent movant.

5.  The Clerk of the Court is directed to serve a copy of movant's original § 2255 motion (Doc. No. 1126) and movant's supplemental § 2255 motion (Doc. No. 1141) and this order on David Porter, Assistant Federal Defender.

6.  Movant's counsel shall contact the Clerk's Office to make arrangements for copies of documents in the file.

7.  A status conference is set for February 28, 2013, at 11:00 a.m. in Courtroom 26.

8.  All parties shall appear at the status conference by counsel.

9.  Fourteen days prior to the conference, the parties shall file and serve status reports which address the timing and order of the following matters:

a.  Discovery and investigations; and

b.  Anticipated motions.

DATED: December 12, 2012.

UNITED STATES MAGISTRATE JUDGE

12
gree0042.o

3