1

2

3

4

5

6

7

8                             UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   UNITED STATES OF AMERICA,              No.  2:03-cr-0042-MCE-EFB P

12                 Respondent,

13          v.                              ORDER AND FINDINGS AND
                                            RECOMMENDATIONS
14   SHANGO JAJA GREER,

15                 Movant.

16

17          Shango Jaja Greer ("movant"), proceeding without counsel, has filed several motions

18   related to his previously-adjudicated section 2255 motion.  He has filed: (1) a motion to vacate or

19   set aside judgment under Rule 60(b) (ECF No. 1243)[1]; (2) a separate motion seeking to have

20   Judge Drozd, whom he addresses, despite his status as a district judge in the Fresno division of

21   the Eastern District, as "Chief Magistrate Judge," hear this case (ECF No. 1246); and (3) a motion

22   to disqualify the undersigned from his case (ECF No. 1247).  The motion for disqualification and

23   motion seeking to have Judge Drozd hear his case are denied.  Further, it is recommended that the

24   Rule 60(b) motion be denied.

25   /////

26

27          [1] This motion was docketed by the clerk as a section 2255 motion.  Subsequently, movant
     filed a notice wherein he indicated that it was his intent that the motion be filed as one proceeding
28   under Rule 60.  ECF No. 1248.  Accordingly, the court will consider it as such.

                                             1

Procedural Background

Movant filed his section 2255 motion on February 15, 2012.  ECF No. 1126.  On August 10, 2017, the undersigned recommended that movant's motion be denied.  ECF No. 1212.  Those recommendations were adopted, over movant's objections (ECF No. 1220), on June 15, 2018.  ECF No. 1226.  The district judge declined to issue a certificate of appealability.  ECF No. 1228.  Movant appealed (ECF No. 1230) and, on February 27, 2019, the Ninth Circuit denied his request for a certificate of appealability.  ECF No. 1238.  Movant represents that he sought a writ of certiorari from the United States Supreme Court, but his request was denied.  ECF No. 1243 at 8.

Movant filed the three motions described above on March 2, 13, and 16 of 2020.  ECF Nos. 1243, 1246, & 1247.

Motion to Disqualify

Movant claims that disqualification under 28 U.S.C. § 144[2] and § 455(a)[3] is warranted because the undersigned has issued rulings that were "clearly erroneous," made "oft-repeated errors," and "persistently disregarded the federal rules."  ECF No. 1247 at 1.  He further argues that the undersigned's findings and recommendations which, as noted above, were adopted by the district judge, were legally erroneous.  *Id.* at 3-6.

/////

---

[2] 28 U.S.C. § 144 provides that:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term [session] at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

[3] 28 U.S.C. § 455(a) provides that "[a]ny justice, judge, or magistrate [magistrate judge] of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."

2

It is well settled that adverse rulings are generally not, standing alone, sufficient to warrant disqualification. *See Liteky v. United States*, 510 U.S. 540, 541 (1994) ("[J]udicial rulings alone almost never constitute valid basis for a bias or partiality recusal motion.") *see also United States v. Azhocar*, 581 F.2d 735, 739 (9th Cir. 1978). Movant has made no other plausible showing of bias or prejudice and, thus, his motion must be denied.

### Motion to Appoint Judge Drozd to Hear this Case

This motion is also denied. It is well settled that litigants are entitled to an impartial judge, but "not to a judge of their choosing." *In re Drexel Burnham Lambert, Inc.,* 861 F.2d 1307, 1312 (2d. Cir. 1988).

### Rule 60(b) Motion

Finally, the court recommends that movant's Rule 60(b)[4] motion be denied. First, two of the three grounds it raises are, without question, untimely. *Inter alia*, movant argues that relief from judgment is appropriate because: (1) the government committed fraud upon the court by failing to knowingly correct false evidence; and (2) the district court abused its discretion when it failed to "discern" newly-discovered evidence related to his claims. ECF No. 1243 at 7. Movant explicitly states that these claims fall under 60(b)(3) (fraud, misrepresentation, or misconduct by opposing party) and 60(b)(2) (newly discovered evidence). *Id.* Rule 60(b) provides, however, that "[a] motion under Rule 60(b) must be made within a reasonable time—*and for reasons (1), (2), and (3) no more than a year after the entry of the judgment* or order or the date of the proceeding." *See* Fed. R. Civ. P. 60(b). The district court entered judgment on movant's 2255 motion on June 15, 2018. ECF No. 1226. Movant did not file his Rule 60(b) motion until March 2, 2020 (ECF No. 1243) – well past the one year deadline.

---

[4] Federal Rule of Civil Procedure 60(b) allows for relief from final judgement based on: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly-discovered evidence which, by reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. *See* Fed. R. Civ. P. 60(b)(1)-(b)(6).

Movant's third argument for relief is that the court abused its discretion when it refused to permit consideration of certain claims,[5] thus depriving him of ever receiving a merits-based adjudication thereon.  ECF No. 1243 at 7.  Movant classifies this abuse of discretion as falling under Rule 60(b)(6).  *Id.*  This claim should also be rejected.

First, given the length of time that has elapsed between the judgment and the filing of movant's motion, it is also untimely.  The court notes that, while Rule 60(b) carves out an explicit one-year time limit for claims under Rule 60(b)(1)-(3), it still mandates that claims under 60(b)(6) be made in a reasonable time.  Nearly two years elapsed between entry of judgment and the instant motion.  Such a duration is not, as other courts have found, a "reasonable" amount of time.  *See, e.g., Spangler v. United States*, 2019 U.S. Dist. LEXIS 108688, 2019 WL 2716227 (W.D. Wash. June 28, 2019) (citing *United States v. Washington*, 20 F.Supp.3d 899, 924 (W.D. Wash. Sep. 2, 2008) (citing cases)); *Pursley v. Estep*, 2007 U.S. Dist. LEXIS 90192, 2007 WL 4322330 (D. Colo. Dec. 7, 2007).

Second, a Rule 60(b) motion is not a substitute for an appeal.  *See Twentieth Century-Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981); *see also Casey v. Albertson's Inc.*, 362 F.3d 1254, 1261 (9th Cir. 2004) (Rule 60(b) is not an opportunity to relitigate issues central to the merits of a case).  Movant is essentially using Rule 60 as a mechanism to relitigate claims that should have been adjudicated, if at all, on appeal.  Indeed, as noted *supra*, he filed an appeal in this case, and the Ninth Circuit determined that a certificate of appealability was unwarranted.  Thus, the court should decline his invitation to relitigate what has already (and long ago) been decided.

/////

/////

---

[5] Movant argues that the district court erred when it excluded his claim under *Brady v. Maryland*, 373 U.S. 83 (1963), *Napue v. Illinois*, 360 U.S. 264, 269 (1959) and *Giglio v. United States*, 405 U.S. 150, 153-55 (1972) that related to the prosecution's failure to disclose compensation paid to a witness.  In the findings and recommendations, the court found that he had waived this claim when, despite being aware of it, he failed to raise it on direct appeal.  ECF No. 1212 at 80.  The court went on to find, however, that even if the claim were evaluated on its merits, it would still fail.  *Id.*

Conclusion

Based on the foregoing, it is HEREBY ORDERED that:

1.      Movant's motion re: rule 60 (ECF No. 1246) is DENIED; and

2.      Movant's motion to disqualify (ECF No. 1247) is DENIED.

Further, it is RECOMMENDED that movant's rule 60(b) motion (ECF No.1243) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).  In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  *See* Rule 11, Rules Governing § 2255 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED:  April 17, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

5